MARVIN, Judge.
Auburn Robinson appeals his conviction by a jury of possession of marijuana with intent to distribute and his sentence to two years at hard labor. LRS 40:966 A. We find that the trial court erred in overruling defendant’s second motion for a mistrial. We reverse and remand for a new trial. CCrP Art. 770(2).
The state presented testimony from three witnesses. Two policemen testified why and how they stopped Robinson in his car near a Bastrop city park and seized a paper sack containing 15 plastic baggies of marijuana. One of the policemen additionally explained that when he was working undercover he purchased marijuana from others in plastic baggies of the type found in Robinson’s vehicle. The third witness for the state was an expert witness from the crime lab who testified that the content of each baggie was marijuana.
Defendant testified, but presented no other evidence. He said he bought the marijuana in Texas a few weeks before he was arrested in Louisiana on December 26, 1981. Defendant said he bought the marijuana packaged as it was when the police found it, that out of one of the baggies he rolled one cigarette (this cigarette was found in his shirt pocket when he was booked), that he bought the marijuana for his personal use, knowing that he was going to be visiting his home in Bastrop during Christmas, and that he was not possessing the marijuana for sale or distribution to others. He said that the quantity of marijuana in each baggie would produce about five cigarettes, or enough to sustain his habit for about one day.
The critical issue before the jury, which voted 10-2 to convict of the crime charged, was whether defendant possessed the marijuana for distribution.
On cross-examination defendant was asked about his admitted habit of using marijuana. The prosecutor asked defendant if he had used marijuana in 1980, in 1979, in 1978, and in 1977. Defendant answered yes to each question. Defendant’s counsel did not object until the question was asked and was answered regarding the year 1977. His counsel stated
“I’m going to object to that question as being improper and I would state the reasons for the court, but it would have to be outside the presence of the jury.”
The prosecutor announced that he would withdraw the question, [even though it had been answered] and then asked defendant whether defendant was convicted of possession of marijuana on May 11, 1977. Defendant answered yes, at which time his counsel again objected on the grounds that the question was improper. Defendant rested his case shortly after -this question was asked and the jury recessed for lunch. After the jury went to lunch defendant revealed in open court that his objection was based on the use by the state of a *76 juvenile conviction to impeach defendant and made a motion for a mistrial on the grounds that it was unnecessary [and prejudicial] for the state to introduce an inadmissible conviction. CCrP Art. 770. The state answered that it didn’t realize that the conviction was a juvenile conviction. The trial court overruled defendant’s motion for a mistrial.
In State v. Roberts, 331 So.2d 11 (La.1976), an adult defendant was asked on cross examination about having been convicted in juvenile court of theft and shoplifting. The trial court denied a mistrial but admonished the jury to disregard the question. The supreme court held that the trial court properly “cured” the error by the admonition to the jury.[1] The court further observed that Roberts was also impeached by evidence that he had been convicted of “two post-juvenile crimes.” That observation supports the court’s conclusion that whatever additional prejudice Roberts may have sustained by the reference to a juvenile conviction was cured by the judge’s admonition to the jury. 331 So.2d at 14.
Roberts upheld the statute then in effect and squarely held that an adjudication that a juvenile had committed an offense is not a “conviction” which could be used against a defendant for impeachment purposes. 331 So.2d at 13. Compare State v. Toledano, 391 So.2d 817 (La.1980).
Notwithstanding that the prosecutor and the trial judge should have been forewarned about the “use” of a juvenile conviction, the prosecutor argued on rebuttal to the jury after lunch that defendant had already been convicted of the crime of possession of marijuana, and the judge charged the jury in a standard instruction that they could “consider whether or not a witness has committed a previous criminal offense ... in deciding upon the credibility of each witness ...” We deduce that defendant apparently entered an objection to this charge before it was given, because, after the jury retired to deliberate, the trial judge stated defendant’s objection into the record. Defendant then again moved for a mistrial under CCrP Art. 770 on the grounds that the prosecutor referred to the juvenile conviction in his rebuttal argument and that the judge charged the jury as we have stated. The second motion for a mistrial was overruled. We find error in this respect.
Defendant’s assignments of error three, four, and five relate to the references made to the defendant’s conviction of May 11, 1977, and to the overruling of the motions for mistrial. In its per curiam response to these assignments, the trial court asserted that the instructions to the jury were correct because
(1) the defendant never established that the conviction occurred in a juvenile court;
(2) alternatively, the court considered the evidence admissible;
(3) any admonition would have only called more attention to the conviction; and
(4) the reference in the charge was “buried” and thus was not emphasized.
The information about defendant’s prior conviction is contained on a form labeled ARREST REPORT which is in the record at page 20 and a copy of which was furnished to defendant by the state in response to defendant’s discovery motion. The copy of the arrest report was not placed in the record until after the jury reached its verdict and was retired. The trial court apparently did not see a copy of the arrest report because the typewritten designation JUVENILE is at the top of the form and the form itself clearly shows the defendant’s date of birth as 11/27/60. From this report, furnished to defendant by the prosecution, it is established that defendant was a juvenile when he was arrested on 4/4/77 and when he was “convicted” or placed on probation for posses *77 sion of marijuana on 5/11/77. The arrest report is reproduced here:
[[Image here]]
Robinson could not have been tried as an adult before his 17th birthday on November 27, 1977, because LRS 13:1570 A(2), (4), in effect before the Code of Juvenile Procedure was adopted in 1978, did not allow such a procedure.
While neither the trial judge nor the prosecutor labeled defendant’s 1977 conviction as a juvenile conviction, that conviction was inadmissible and should not have been called to the attention of the jury and, under the circumstances of this case where defendant was the only witness who admitted a conviction, the jury should not have been charged as they were, even though that charge is the standard charge. See Joseph & Lamonica, District Court Bench Manual on Instruction, (1980), at p. 5.8.
A mistrial should have been declared when the case was allowed to go to the jury in the posture in which they received it. Defendant’s 1977 conviction was a juvenile conviction which was clearly inadmissible. CCrP Art. 770, State v. Roberts, supra, and authorities therein.[2]
Because defendant may be retried, we shall pass on defendant’s assignments 1 and 2 which question whether the police had probable cause to stop Robinson and search his automobile for the marijuana.
The facts in State v. Brooks, 452 So.2d 149 (La.1984), are highly similar to the facts shown in this record and present the same issue. There a Cl informed an officer that Brooks was parked in a described vehicle near a school selling marijuana. The officer knew Brooks and went to the area and found Brooks in the car described by the informant and where the informant had reported him to be. The Cl had provided reliable information in the past, according to the officer’s testimony.
The court said the credibility of the Cl is determined by the totality of the circumstances surrounding the “tip” given by the Cl, citing Illinois v. Gates, — U.S.-, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The court then said that this “tip ... corroborated by defendant’s presence at the location described in the tip, could have provided the necessary probable cause ... [and that the] Officer ... was justified in believing that the vehicle contained marijuana, and was entitled to immediately search the vehicle at the time of the arrest, without obtaining a warrant first.” In support of that holding, the court cited State v. Hernandez, 408 So.2d 911 (La.1981), and United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). These authorities should control in a retrial of Robinson.
*78 We find that the trial court did not err in overruling the motion to suppress or in admitting the marijuana into evidence at Robinson’s trial.
DECREE
Defendant’s conviction is set aside and the case is remanded to the trial court for further proceedings.
CONVICTION SET ASIDE AND CASE REMANDED.

. "The admonition of the trial court to disregard the question cured, in our opinion, whatever additional prejudice the accused might otherwise have sustained by the question's inference that he had also been convicted of a petty offense while still a juvenile.” 331 So.2d at 14.

. “Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to: * * *
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;” CCrP Art. 770, in part.